[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 14-10323
Non-Argument Calendar

————————————————

D.C. Docket No. 4:13-cv-00115-RH-CAS

ROOSEVELT JONES,

Plaintiff-Appellant,

versus

SUBURBAN PROPANE, INC.,
A Foreign Corporation,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(August 19, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Roosevelt Jones, an African-American male, appeals the district court's grant of summary judgment to his previous employer, Suburban Propane, Inc., on his claims of race discrimination and retaliation under 42 U.S.C. § 1981. On appeal, he argues that the district court erred in granting summary judgment to Suburban because he made out a prima facie case of discrimination and retaliation, and because the district court construed disputed material facts in Suburban's favor. Upon review of the record and consideration of the parties' briefs, we affirm.

## I.

Jones began working as a delivery driver for Texas Gas in 1977, which was bought out by Suburban in 1986. In June 2012, Suburban received a phone call reporting that Jones was drinking, selling drugs, and transporting non-employees while driving Suburban's truck. After Suburban received the call, Jones's supervisor Mack Hacker attempted to call Jones. The phone records show nine calls to Jones's number. Once Hacker reached Jones, the two had a heated conversation about where the truck was and how it should be returned to the company. Jones says he told Hacker the truck was at his house but could not remember the address because he was so frustrated. Hacker warned Jones that if he did not tell him where the truck was that his job was in jeopardy. Hacker initially planned to have a co-worker go pick up the truck. At some point, Jones

2

decided unilaterally to call a wrecker service to come and tow the truck back to the company lot, even though Hacker had told him not to do so.  A few days later when Jones came into work, he was fired for insubordination.

Jones filed this action against Suburban claiming racial discrimination under § 1981.  He also alleged his firing was in retaliation for a 2010 discrimination charge he had filed against Suburban with the Florida Commission on Human Relations, which the parties had settled.

After some discovery, Suburban filed a motion for summary judgment.  The district court granted Suburban's motion and entered judgment in favor of Suburban.  Jones filed this appeal.

II.

We review a grant of summary judgment de novo, viewing evidence in the light most favorable to the non-moving party.  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004).  Summary judgment is appropriate when there is no genuine issue of material fact.  Fed. R. Civ. P. 56(a).

Under § 1981, an employee has a right to be free of intentional racial discrimination in performing a contract.  42 U.S.C. § 1981(a).  The elements of a § 1981 race discrimination claim are identical to those required in a Title VII disparate-treatment claim.  Rice-Lamar v. City of Ft. Lauderdale, 232 F.3d 836, 843 n.11 (11th Cir. 2000).  We therefore analyze § 1981 claims using the same

evidentiary requirements and analytical framework.  Standard v. A.B.E.L. Servs. Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

A plaintiff may establish discrimination through direct or circumstantial evidence.  Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010).  Where, like here, the plaintiff relies on circumstantial evidence, we apply the burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).  Under that framework, if the plaintiff makes out a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its action.  Holland v. Gee, 677 F.3d 1047, 1055 (11th Cir. 2012).  If the defendant does so, the burden then shifts back to the plaintiff to produce evidence that the employer's proffered reason is a pretext for discrimination.  Id.  "At this stage, the plaintiff's burden of rebutting the employer's proffered reasons merges with the plaintiff's ultimate burden of persuading the finder of fact that [he] has been the victim of intentional discrimination."  Id. at 1056 (quotation marks and alterations omitted).  Thus, "the question becomes whether the evidence, considered in the light most favorable to the plaintiff, yields the reasonable inference that the employer engaged in the alleged discrimination."  Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1326 (11th Cir. 2011).  Put another way, the issue is whether there is "a convincing

4

mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination." Id. at 1328 (quotation marks and footnote omitted).

Here, the district court did not err in granting summary judgment to Suburban on Jones's discrimination claim. First, Jones has not shown a material dispute of fact as to whether Suburban's reason for firing him was pretext. Jones does not dispute that: (1) he and Hacker had a heated discussion about the location and return of Suburban's truck; (2) he—for whatever reason—did not give his address; and (3) he resisted Hacker's instructions for returning the truck. Jones also admitted that he may have cursed and "said some choice things to [Hacker]." At his deposition, he conceded that "you might want to call [his conversation with Hacker] an argument." He also testified that he was frustrated because he felt Hacker was not listening to him and because he wanted to handle the issue himself and Hacker would not let him.

Second, on top of his failure to rebut Suburban's proffered reason for his termination, Jones has failed to present other evidence that would allow a jury to infer intentional discrimination. Jones first tries to rely on evidence that Suburban did not fire a white employee who was accused by a customer of having alcohol on his breath. However, the comparator Jones offers is not sufficiently similar under this Circuit's case law, because the comparator's incident did not involve him being insubordinate, which was the reason Suburban offered for Jones's

5

termination.  Because Jones and his comparator were not accused of the same or similar conduct, Jones and his comparator were not "similarly situated in all relevant respects."  See Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997); see also Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999) ("In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." (quotation marks omitted)).

Although the presence of a comparator is not required, Holland, 677 F.3d at 1063 n.7, Jones's other evidence also fails to raise a reasonable inference of discrimination.  Jones next claims Suburban has terminated all of its black employees.  Yet the record shows that the employees he points to left for a variety of reasons, including voluntarily leaving for other jobs or because they were in temporary or seasonal positions.  Jones also concedes that one of the men "wasn't a great worker."

Jones's only other evidence is one stray comment from another employee that Hacker "was going to get rid of [Jones]."  But he does not show how that comment was racially motivated.  Beyond that, the record suggests the comment was related to a conversation in which Jones was challenging Hacker, similar to the dispute that led to Jones's termination.

6

For these reasons, we find no error in the grant of summary judgment on Jones's discrimination claim.

## II.

Retaliation claims, including those brought against employers, are cognizable under § 1981. CBOCS West, Inc. v. Humphries, 553 U.S. 442, 452–57, 128 S. Ct. 1951, 1958–61 (2008); see also 42 U.S.C. § 1981(a). A plaintiff can establish such a prima facie case of retaliation by showing that: (1) he engaged in statutorily protected expression; (2) he suffered a materially adverse action; and (3) the adverse action was causally related to the protected expression. Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).

To establish a causal connection, a plaintiff must demonstrate that the employer's desire to retaliate was a but-for cause of the materially adverse action. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. ___, ___, 133 S. Ct. 2517, 2533 (2013). A plaintiff's burden to prove causation can be met by showing a close temporal proximity between the statutorily protected activity and adverse-employment action. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007). But if there was a significant time gap between the protected expression and the adverse action, the plaintiff must offer additional evidence to demonstrate a causal connection, such as a pattern of antagonism or that the adverse action was the "first opportunity" for the employer to retaliate. See, e.g.,

7

Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997) (evidence of a "pattern of antagonism" following the protected activity may give rise to the inference of causation); Dale v. Wynne, 497 F. Supp. 2d 1337, 1346 (M.D. Ala. 2007) ("In this instance, a six-week gap is enough to show temporal proximity, particularly because Dale's return to work was the first opportunity Wilson had to retaliate against her.").

The record here demonstrates the district court did not err in granting summary judgment on Jones's retaliation claim.  There was a gap of more than two years between the 2010 discrimination charge Jones filed against Suburban and his termination.  Jones therefore could not rely on temporal proximity alone to establish that his termination was causally related to his protected activity.  However, he did not offer other evidence to show a connection and demonstrate a dispute of fact as to this element of his prima facie retaliation case.

### III.

Because we conclude that Jones failed to establish a material dispute of fact as to his discrimination or retaliation claims, the district court's order is **AFFIRMED.**